and caution. This was objected to by the defendants and was admitted.

In *Walsh* v. *Wash. Ins. Co.* (32 N. Y., 443), it was said to be admissible for the master of a vessel to testify to what its loss was attributable. So, in collisions of vessels, a nautical witness may testify whether in his opinion a collision could have been avoided by proper care on the part of the captain. (*Fennick* v. *Bell*, 1 C. & K., 312.) The rule, as laid down in Powell's Evidence, is that the opinions of skilled or scientific witnesses are admissible evidence to elucidate matters which are of a strictly professional or scientific character. And whether it would be possible for a boat to avoid a collision is a question which certainly involves much professional knowledge. No objection was taken, that the question should have been restricted to the ability to avoid the collision, after the persons on the Madden knew, or might have known, of the danger."

*Robertson & Foster*, for the appellant. *O. A. Martin*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment and order affirmed with costs.

---

## CHARLES HAWLEY, RESPONDENT, *v.* WILLIAM HATTER, APPELLANT.

*Improper evidence — admission of, on trial at law — although result may not be changed by it — new trial granted.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The court at General Term say :

"We are satisfied with the report of the referee in this case. It is sustained by the evidence, and appears to be just. We should affirm the judgment without hesitation, were it not for the error in admitting proof of an offer by the defendant to compromise the claim. This evidence was inadmissible, and might *possibly* have affected the result. We do not think that it did in fact. But the rule has been repeatedly laid down that a new trial must be

granted when improper evidence has been admitted. (*Baird* v. *Gillett*, 47 N. Y., 186.)

It would promote justice if appellate courts could disregard such errors, when satisfied that no real injury had been in fact done; in other words, if they could adopt the equity rule. It is difficult, especially in a long .trial, to avoid making some slight error in regard to the rules of evidence. But practically such errors are not of that importance in their effect upon the result of the trial which they appear to be, when spread out in the printed papers for the appellate courts.

And such courts, especially when not accustomed to the actual trial of cases, are apt to forget the maxim, *summum jus summa injuria.* (*Lamb* v. *Camden R. R.*, 2 Daly, 475.)

The judgment must be reversed and a new trial granted, costs to abide event, and referee discharged. "

*J. A. Dewey*, for the appellant.   *A. Hees*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, and new trial granted, costs to abide event; reference discharged.

---

JOHN H. WALBRIDGE, RESPONDENT, *v.* SAMUEL KIL-
PATRICK, APPELLANT.

*Execution of contract by agent — W. G. C. agent for S. K. — sufficient — Extracts copied from letters — admissibility of.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover damages for the non-fulfillment of an alleged written contract, for the sale of certain real estate. The sale was made through an agent acting on behalf of the defendant, and the latter claimed that the contract was not executed in such a manner as to bind him thereby. As to this the court at General Term say:

" The claim that the contract is not well executed as a contract of the defendant is not well founded. The signature, ' W. G. Campbell, agent for Samuel Kilpatrick,' is an execution of the